Barrett, J.
The matter is before this court on motions for entry of judgment filed by both sides. Essentially at issue are the matters raised by the decision of this court and that of the Supreme Judicial Court which appears as Massachusetts Wholesalers of Malt Beverage, Inc. v. Commonwealth, 414 Mass. 411 (1993). The heart of the matter concerns the determination by the Supreme Judicial Court that the retroactive funding provisions of the statute which required the bottlers and distributors to use certain funds of their own for the purpose of the initial funding of the bottle redemption program was unconstitutional. The issues break into four major divisions. The first of these is whether the plaintiffs have standing to bring the claims that they are raising in this proceeding: the second is whether the procedure by which the plaintiff is proceeding is appropriate or whether a tax abatement procedure is the only method of seeking relief; the third is what amount of interest, if any, the bottlers and distributors are entitled to recover in addition to principal damages; and lastly what amounts may be recovered by the members of the plaintiff association in general terms.[1]
1. Standing
The Commonwealth claims that the plaintiff associations lack standing to claim monetary damages on behalf of their members. An association has standing to bring suit on its members’ behalf if: (1) one or more of its members have suffered an injury to give them standing to sue on their own behalf; (2) the injury pertains to the association's purposes; and (3) neither the claims asserted nor the relief sought requires the participation of individual members. Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 342-43 (1977). Since claims for monetary damages ordinarily require individual members to proffer proof of damages, an association lacks standing to bring such claims on its members’ behalf. Warth v. Seldin, 422 U.S. 490, 515 (1975) (an association’s standing depends, in part, on the nature of relief it seeks); United Union of Roofers v. Insurance Corp. of America, 919 F.2d 1398, 1400 (9th Cir. 1990) (union lacks standing to obtain monetary damages on its members’ behalf, since individualized proof would be necessary at the damages stage); Telecommunications Research and Action Center v. Allnet Communications Services, Inc., 806 F.2d 1093, 1094-96 (D.C. Cir. 1986).
An association, however, may bring claims for declaratory and injunctive relief on its members’ behalf. United Union of Roofers v. Insurance Corp. of America, supra, 919 F.2d at 1400. The relief that the plaintiff associations seek here does not require this court to determine specific monetary amounts due to each bottler and distributor, nor would it require the Commonwealth to pay any money to the associations on the bottlers’ and distributors’ behalf. Therefore, since this court can grant the relief requested without individualized proof of the bottlers’ and distributors’ damages, the plaintiff associations have standing to assert their current claims under the Hunt standard. Hunt v. Washington State Advertising Commission, supra.
*390 The court is concerned, however, as to the mechanics of any further proceedings to determine the amount of damages suffered by each of the bottlers and distributors. It is in the interest of all sides that this court’s rulings in these matters are binding on all parties so that another judge in another court will not have to confront these issues again. Hopefully the parties, and the bottlers and distributors, guided by the decision of this court, will be able to resolve all claims in an amicable fashion but, if they do not, then further litigation regarding collection may be necessary by the individual bottlers and distributors and claims may be made in those disputes that they are not bound by the decision of this court and can relitigate the issues decided here. Moreover, there may well be statute of limitations issues which could materialize should additional proceedings be brought by individual bottlers and distributors. In order to alleviate these possible privity problems and statute of limitations issues, this court will consider any motion filed reasonably promptly which seeks to add individual bottlers and distributors as parties to this case whether or not such parties are or were members of either of the plaintiff associations. It is the expectation of this court that should such motion be made and parties added to this litigation, there will be a commitment by all parties to the appointment of a Master to hear and decide factual issues concerning claims by the individual bottlers and distributors.
2. Abatement Procedures
The Commonwealth argues that the sole remedy of a bottler or distributor for payment of just compensation for property that the Commonwealth confiscated unlawfully is by way of the tax abatement procedure set out in M.G.L.c. 62C. Its argument is based principally on G.L.c. 94, §326 which states in pertinent part:
. . . The collection of revenues pursuant to (G.L.c. 94, §323D) shall, to the extent consistent with this chapter, be governed by the provision of chapter sixty-two C.
This language does not, however, require the bottlers and distributors to file tax abatement applications as a prerequisite to recovering just compensation.
In the absence of ambiguity, courts must construe statutory language in accordance with its plain and ordinary meaning. Commonwealth v. One 1987 Mercury Cougar Auto, 413 Mass. 534, 537 (1991). According to its conventional usage, “collection” refers to the process of acquisition, not expenditure. The provisions of G.L.c. 62C govern a broad array of matters pertaining to state taxation, including tax assessment, collection, and refunds. G.L.c. 62C, §1, et seq. The Bottle Law incorporates these provisions exclusively with respect to the collection of revenue: it does not purport to incorporate these provisions to govern reimbursements or refunds to bottlers or distributors. G.L.c. 94, §326. Subjecting all aspects of transactions required by the Bottle Law to the provisions of G.L.c. 62C, as the Commonwealth argues, ignores the clear language of G.L.c. 94, §326 and the Legislature’s manifest intention to limit the applicability of G.L.c. 62C to revenue collection authorized by the Bottle Law.
Even if reimbursement and refunds required by the Bottle Law constitute elements of revenue collection within the meaning of G.L.c. 94, §326, this case does not involve these types of payments. Since the Commonwealth has taken the bottlers’ and distributors’ property, federal and state constitutions require the Commonwealth to reimburse them. Determining what compensation is constitutionally adequate is a judicial, not an administrative function. Monongahela Navigation Co. v. United States, 148 U.S. 312, 327 (1893); Verrochi v. Commonwealth, 394 Mass. 633, 638 (1985).
Further, if the Bottle Law required bottlers and distributors to pursue an administrative remedy in accordance with the procedures established by G.L.c. 62C, which it does not, the bottlers’ and distributors’ failure to exhaust such remedy does not foreclose the declaratory relief requested by the associations. Madden v. State Tax Commission, 333 Mass. 734, 736-37 (1956).
3. Recoverable Interest
When a person’s property is taken, that person is constitutionally entitled to just compensation. Such compensation includes interest when there is a delay between the Commonwealth’s taking and payment of compensation. Commonwealth v. Verrochi, supra, 394 Mass. at 636-37. See also, United States v. 50.50 Acres of Land, supra 931 F.2d at 1354. Although the Commonwealth argues that sovereign immunity precludes the bottlers and distributors from recovering interest in the absence of expressed statutory authorization, it is clear that both federal and state constitutions require the payment of interest on the bottlers’ and distributors’ damages to ensure that they are justly compensated. United States v. Sioux Nation of Indians, 448 U.S. 371, 387 n.17 (1980) (interest is recoverable as an element of just compensation for property taken unconstitutionally even in the absence of a statute authorizing recovery of interest).
The issue is the calculation of interest which will fairly compensate the bottlers and distributors for the unconstitutional taking of their property. The calculation of just compensation, which includes a determination of what interest is recoverable is exclusively a judicial function. Monongahela Navigation Co. v. United States, supra. Verrochi v. Commonwealth, supra. The parties agree that the Legislature has not expressly proscribed the interest rate applicable to the bottlers’ and distributors’ damages. The interest rate which remains to be determined is that rate which will place the bottlers and distributors in as good a financial position as they would have been had the taking not occurred. Kirby Forest Industries, Inc. v. United *391 States, 467 U.S. 1, 10 (1984). The courts have not established a uniform standard for determining what interest rate accomplishes this end. United States v. 50.50 Acres of Land, supra, 931 F.2d at 1355 (just compensation includes interest at a rate that “. . . a reasonably prudent person investing funds so as to produce a reasonable return while maintaining safety of principal ...” would obtain); Antoine v. United States, 706 F.2d 477, 480 (8th Cir. 1983) (the court can consult a number of sources to determine what interest rate is necessary to ensure just compensation for land loss because reasonableness was the ultimate test); ITT Corp. v. United States, 17 Cl. Ct. 199, 236 (1989) (no fixed formula for establishing just compensation). Despite the absence of a uniform standard, however, the courts agree that it is necessary to consider the economic circumstances prevailing between the government’s taking and payment of compensation when determining what interest rate ensures just compensation.
Since it is necessary to examine the economic circumstances and prevailing interest rates between the taking and the date compensation is paid, the courts generally treat the issue of what interest rate is a proper component of just compensation as a question of fact. United States v. 50 Acres of Land, 706 F.2d, 1356, 1364 (5th Cir. 1983) (treating the interest rate issue as a question of fact for the jury rather than creating a formula for calculation of interest); Illinois v. United States, 19 Cl. Ct. 180, 187 (1989) (determination of just compensation, which includes the applicable rate of interest, is a question of fact). The court recognizes that since January 1990 interest rates obtainable at different risk levels has fluctuated substantially. The court will conduct an evidentiary hearing to determine the appropriate interest rate or rates. The court leaves open the question of whether such interest should be compounded as opposed to simple interest. This will also be resolved as part of its determination of the appropriate interest rate or rates to be applied here.
4. Damages Claim
The claims by the bottlers and distributors for compensation can be divided into three parts and each of these parts will be taken up hereafter.
(a)The first claim by the bottlers and distributors is that they are entitled, to the extent that they have not already received them, to the return of payments into their Deposit Transaction Fund (DTF) of the total amount of refund values received by the bottlers and distributors for the months of October, November and December 1989. There is no question that under the decision of the Supreme Judicial Court in this matter that these sums were unconstitutionally taken from the bottlers and distributors and they are entitled to be repaid those sums to the extent not already received, together with interest, less that amount of interest that they have already received on these monies while in the DTF of each bottler and distributor. The determination of the amounts of these payments is not before the court at this time. Hopefully, these can be resolved administratively between the Commonwealth and bottlers and distributors. If not, future resort to the court will be necessary.
(b) The second aspect of damages claimed by the bottlers and distributors are those payments made as abandoned property to the Commonwealth for the period January, February and March 1990. The Supreme Judicial Court disposed of this issue in its decision in 414 Mass. 411 at 420, where it noted that “However, bottlers and distributors are still required to begin depositing unclaimed refund value amounts in the funds as to January 1, 1990. See G.L.c. 94, §323(h). Abandoned deposit amounts would escheat to the State beginning in the third month after the law takes effect. See G.L.c. 94, §323C.” Thus, the court directed that unrefunded deposits received in the first three months that escheated to the State are to be paid back to the bottler or distributor and deposited into the DTF of each bottler and distributor. Therefore, the obligation of the Commonwealth to return these payments to the bottlers and distributor to be deposited by each bottler and distributor in its DTF. Since under the statutory format, interest on these amounts, while in each bottler’s and distributor’s DTF, would have been paid to that bottler and distributor, the Commonwealth also owes interest on these amounts for the period of time that these payments were made to the Commonwealth to the time that these funds are returned to the bottlers and distributors.
(c) The third argument urged by the bottlers and distributors is that they are not obligated to pay any monies out of their DTFs to the Commonwealth as abandoned properties until they have accumulated in their DTF that sum of money that would equal the total amount of refund values received by each bottler and distributor during the months of October, November and December 1989, undiminished by any refunds that they may have paid to the consumer during that period. The Supreme Judicial Court dealt with this issue, noting that, as quoted above, abandoned deposit amounts would escheat to the state beginning in the third month after the law takes effect. This means that, as of April 1990, each bottler and distributor was obliged to turn over to the Commonwealth any deposit amounts deemed to be abandoned at the close of the preceding month. In light of this determination by the Supreme Judicial Court this contention of the bottlers and distributors is without merit.
ORDER
In light of the foregoing decision, the court directs the parties to prepare a detailed order for the court’s approval, implementing all aspects of this decision.

 The court has not considered the validity of proposed regulations of the Department of Revenue.